IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID UPTON,

    Petitioner,                    No. CIV S-10-3419 WBS DAD P

    vs.

AREF FAKHOURY, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner incarcerated at the California Institution for Men, has filed a document with the court styled, "Notice of Motion And Motion For Relief Pursuant to 18 U.S.C. § 3771(a) and (d)(3)." (Doc. No. 1)  This filing was originally submitted by petitioner in Case No. CIV S-10-0658 KJN P, a civil rights action pending in this court.  However, because that civil rights action was transferred by this court to the U.S. District Court for the Central District of California and because it appeared to the assigned Magistrate Judge that petitioner had filed the documents intending to open a new action, the Clerk of the Court was directed to open petitioner's motion for relief as a new action.  See Case No. CIV S-10-0658 KJN P, Doc. No. 13. Subsequently, this federal habeas action was opened.  Petitioner has not filed any other pleadings, nor has he paid the filing fee or submitted an application to proceed in forma pauperis.

        In his motion for relief, petitioner argues that he is a "crime victim" who is being held in "involuntary servitude" following the illegal revocation of his state parole. (Doc. No. 1 at

1

6, 15-17.)  Petitioner purportedly seeks relief pursuant to 18 U.S.C. § 3771(a) and (d)(3).  The first provision provides in part:

> (a) Rights of crime victims. - - A crime victim has the following rights:
>
> (1) The right to be reasonably protected from the accused.
>
> (2) The right to reasonable, accurate, and timely notice of any pubic court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
>
> (3) The right not to be excluded from any such public court proceedings . . . .
>
> (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

The other statutory provision petitioner refers to in his motion for relief provides as follows:

> (d)(3) Motion for relief and writ of mandamus.
> The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred.  The district court shall take up and decide any motion asserting a victim's right forthwith. . . .

In his motion pending before this court petitioner contends that his rights under the Thirteenth Amendment were violated because the parole agreement relied upon in revoking his state parole is invalid.  Petitioner explains that the state parole officers "sought to enforce the ambiguous and patently facially invalid and unenforceable portion of the parole agreement requiring that petitioner have 'no contact' with his estranged girlfriend . . . ."  (Doc. No. 1 at 15.)

It is clear from the language of 18 U.S.C. § 3771, that petitioner is not a "crime victim" which is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia."  18 U.S.C. 2771(e). See In re Rendon Galvis, 564 F.3d 170, 175 (2d Cir. 2009) ("The requirement [under § 3771(e)] that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses.")  Here, there is no criminal defendant of whom petitioner could in

any way be characterized as a victim of.  Moreover, no independent right of action was created by the statute relied upon by petitioner.  See United States v. BP Products North America Inc., 610 F. Supp. 2d 655, 727 (S.D. Tex. 2009) ("The purpose of the reasonable right to confer is for victims to provide information to the government, obtain information from the government, and to form and express their views to the government and court.")

To the extent that petitioner seeks to challenge his parole revocation, he may do so by way of a federal petition for a writ of habeas corpus after he has exhausted his habeas claims by first presenting them to the state high court.  Any such future federal habeas petition must be filed with the U.S. District Court for the Central District of California since petitioner's parole revocation hearing was held at the California Institution for Men in San Bernardino County which is located within the Central District.

For these reasons, the court will recommend that petitioner's motion for relief be denied and this action be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 22, 2010 motion for relief (Doc. No. 1) be denied; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
upto3419.dismiss