IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID UPTON,

    Petitioner,                    No. CIV S-10-3419 WBS DAD P

    vs.

AREF FAKHOURY, et al.,         FINDINGS AND RECOMMENDATIONS

    Respondents.

_____/

        Petitioner, a state prisoner, has filed a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On September 23, 2011, the court denied petitioner's motion for relief which he sought pursuant to 18 U.S.C. §§ 3771(a) and (d)(3) and this action was closed. See Findings and Recommendations filed Aug. 23, 2011 (Doc. No. 6) and Order filed Sept. 23, 2011 (Doc. No. 7). In the findings and recommendations petitioner was advised that to the extent that he sought to challenge his parole revocation, he should do so by filing a federal petition for a writ of habeas corpus after he had properly exhausted his claims in state court. (Doc. No. 6 at 3.)

        In his motion pursuant to Rule 60(b) now pending before the court, petitioner requests that the judgment be vacated because he did not receive the undersigned's findings and recommendations and therefore did not have the opportunity to file objections thereto. In

1

addition, petitioner now requests leave to amend his motion for relief to name the following additional respondents: Vikki Thompson, Steve Loose, Hernandez, Cedrick Merrick, and Cecil Roberts.[1]

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Thus, under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Here, petitioner was served a copy the findings and recommendations, the order adopting the findings and recommendations and the judgment at his address of record. Petitioner has failed to suggest, let alone establish, that there was any mistake or fraud involved here. Nor has he pointed to any newly discovered evidence justifying the granting of relief under Rule 60(b). Petitioner has also not established that he did receive the undersigned's Findings and Recommendations, which were not returned to the court as undeliverable. More importantly, petitioner has not indicated any viable grounds upon which he could object to those findings and recommendations that have not already been considered by the court. Therefore, petitioner's motion to vacate the judgment should be denied.

/////

/////

---

[1] With the exception Hernandez, Deputy Commissioner with the Board of Parole Hearings, petitioner has not identified the other individuals he seeks to add as respondents.

In addition, petitioner's request for leave to amend his motion for relief should also be denied in light of the court's recommendation that his motion to vacate the judgment pursuant to Rule 60(b) be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's October 17, 2011 motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and for leave to file an amended pleading (Doc. No. 9), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
upt3419.60b